UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ASHLEY RICE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:21-cv-00316 |
| PETSMART LLC, YALE SMYRNA LLC, ADVANCE CARTS, INC., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Yale Smyrna LLC's ("Yale") Motion for Summary Judgment (Doc. No. 71) and PetSmart LLC's ("PetSmart") Motion for Summary Judgment (Doc. No. 73). For the reasons set forth below, both motions will be granted.

### I. BACKGROUND[1]

This tort action arises from personal injuries allegedly suffered by Ashley Rice. After she purchased approximately 250 pounds of cat litter and cat food from the PetSmart store, in Smyrna, Tennessee, she wheeled the cat products out of the store in a shopping cart, accompanied by her friend. As she moved over a speed bump, the cart collapsed and fell, jerking her arms and body forward. (Doc. Nos. 73-1, at 32, 34, 37, 45, 46, and 90; 78-2, at 2). Her friend reloaded the cart, wheeled it to their car, loaded the cat products into the car, pushed the cart back into the PetSmart, and then left the store with Rice. (Doc. No. 73-1, 46:14, 47:5). Rice alleges that she suffered injuries, including severe radiating pain, and swelling in her right hand, wrist, and shoulder. (Doc.

---

[1] The facts in this section are undisputed unless specifically noted otherwise and are drawn from the undisputed portions of the parties' statements of facts (Doc. Nos. 78-1, 79-1), the exhibits, depositions, and declarations submitted in connection with the summary judgment briefing that are not contradicted by the evidence in the record.

1

Nos. 18, at 4; 73-1 at 66, 66:22; 73-2; 78-2, at 2). She believes her injuries are due to defects in the shopping cart and the speed bump, as well as the negligence of PetSmart's employees. (Doc. Nos. 73-1, 38:2; 78-2, at 2; 79-2, at 2). Specifically, she avers that the cart had no rubber or cushion on the wheel, and that the speed bump had missing chunks of concrete. (Doc. No. 73-1, 38:2, 43:23; 79-1, ¶12-13). She brings negligence and gross negligence claims against PetSmart and Yale, and negligent hiring, training, and supervision claims against PetSmart. (Doc. No. 28, ¶12).[2]

## II.    LEGAL STANDARD

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Blount v. Stanley Eng'g Fastening, 55 F.4th 504, 510 (6th Cir. 2022). See Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The Court must view all evidence and draw all reasonable inferences in the light most favorable to the Plaintiff. Walsh v. KDE Equine, LLC, No. 21-5054, 2022 WL 17843720, at *5 (6th Cir. Dec. 22, 2022), who bears the burden of proof at trial. The Defendants need only demonstrate that the Plaintiff has failed to make a showing sufficient to establish the existence of an essential element of her claim. Pineda v. Hamilton Cnty., Ohio, 977 F.3d 483, 491 (6th Cir. 2020). The Defendants "will satisfy this standard if 'the record taken as a whole could not lead a rational trier of fact to find for the' plaintiff on the challenged element." Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

---

[2] Rice also asserts a products liability claim against Defendant Advance Carts, Inc., regarding the allegedly defective shopping cart. (Doc. No. 28, ¶38). Advance Carts has not filed a motion for summary judgment, but has answered that it is not the manufacturer of the cart at issue. (Doc. Nos. 85, ¶12; 87, at 6 ¶3). Additionally, Rice mentions the doctrine of res ipsa loquitur once in the amended complaint, but does not develop this theory nor support it with any argument or citation to legal authority. (Doc. No. 28, ¶22).

2

### III.    DISCUSSION

Negligence: *Yale*

In Tennessee, a negligence claim requires proof of each of the following elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause." Downs ex rel. Downs v. Bush, 263 S.W.3d 812, 819 (Tenn. 2008) (quoting West v. E. Tennessee Pioneer Oil Co., 172 S.W.3d 545, 550 (Tenn. 2005)). Rice brings a premises liability claim against Yale that requires her to satisfy the elements of a negligence claim, "*and in addition*, [she must] prove either that 'the condition was caused or created by the owner, operator, or his agent, or 'if the condition was created by someone [else], that the owner or operator had actual or constructive notice that the condition existed prior to the accident.'" Parker v. Holiday Hosp. Franchising, Inc., 446 S.W.3d 341, 350 (Tenn. 2014) (quoting Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004) (emphasis kept)).[3]

Yale seeks dismissal because there is no admissible evidence that it had actual or constructive notice of the allegedly dangerous condition in the parking lot prior to Rice's accident. (Doc. No. 71-3, at 10-13). Rice argues that Yale had constructive notice of the dangerous condition because with due diligence it could have discovered the dangerous conditions. See Parker, 446 S.W.3d at 351 ("'Constructive notice' is defined as 'information or knowledge of a fact imputed

---

[3] The undisputed evidence demonstrates that Yale is the record owner of the property, that PetSmart is its tenant, and that through Yale Realty Services Corporation, Yale is responsible for service and maintenance of the parking lot outside of the store. (Doc. Nos. 71-2, ¶¶3-4, 8; 71-3, at 6). Yale may properly be sued for premises liability here. However, Rice cursorily mentions PetSmart's argument that it did not exercise control over the parking lot, by baldly stating in response that PetSmart was "in *full* control over the mechanisms that they offer to be used to enter the parking lot." (Doc. No. 79-2) (emphasis theirs). Rice offers no evidence, case law, or argument to support this brief conclusory statement or a potential premises liability allegation against PetSmart. Rice focuses its speed bump premises liability claims on Yale, and its premises liability claims related to the shopping cart against PetSmart; to the extent that Rice mentions a theory of premises liability regarding the speed bump against PetSmart in her Response in Opposition to PetSmart's Motion for Summary Judgment, summary judgment is granted in favor of PetSmart.

3

by law to a person (although he may not actually have it) because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it.'") (quoting Hawks v. City of Westmoreland, 960 S.W.2d 10, 15 (Tenn. 1997)). Relying upon Psillas v. Home Depot, U.S.A., Inc., 66 S.W.3d 860, 864 (Tenn. Ct. App. 2001), Rice maintains a jury could conclude that Yale could have inspected the premises and discovered the alleged dangerous condition, thus satisfying the constructive notice element. (Doc. No. 78-2, at 5). Indeed, "[c]onstructive notice may be established by showing that a dangerous or defective condition existed for such a length of time that a property owner, in the exercise of reasonable care, should have become aware of it." Parker, 446 S.W.3d at 351 (citing Blair, 130 S.W.3d at 764). However, Rice offers no evidence other than a photograph of the speed bump taken after the accident to support her constructive notice argument. (Doc. No. 73-1, at 93). She concedes that she is unaware of how long the speed bump existed in its condition prior to the accident. (Doc. No. 73-1, 47:19, 79-1, ¶15). Further, she offers no evidence from Yale to support her argument. (Doc. No. 71-3, at 13).

Rice's reliance on her own testimony and a photograph of the allegedly defective speed bump has been found to be "legally insufficient to establish constructive notice[]" in Tennessee. Thompson v. Ruby Tuesday, Inc., 2006 WL 468724, at *7 (Tenn. Ct. App. 2006). In Thompson, "Roger Thompson sustained injuries after tripping and falling over a speed bump in a parking lot of a shopping complex…." Id. at *1. Thompson stated that "as he walked across the lot to his vehicle, he 'stumbled on the broken edge of a speed bump and fell injuring his left shoulder.'" Id. He relied upon a photograph to prove constructive notice of the defective condition of the speed bump. The Court explained that the photograph was insufficient to avoid summary judgment.

> [W]e find that the undisputed facts, viewed in a light most favorable to the Plaintiffs, fail to show that [the defendant landowners] had actual or constructive

4

> notice of the alleged defect in the speed bump, and thus are not liable to the Plaintiffs…. The Plaintiffs submitted no proof showing that [the landowners] had actual knowledge of the speed bump's alleged defective condition. Furthermore, the only proof set forth by the Plaintiffs in support of their argument that [the landowners] had constructive notice of the alleged defect was a photograph…. We find this proof legally insufficient to establish constructive notice.
> …
> While the Plaintiffs['] proffered photograph might establish that the speed bump was in a defective condition, it provides insufficient proof to establish that [the landowners] knew or should have known of such a defect prior to Mr. Thompson's fall.
> …
> [T]he picture presented by the Plaintiffs showing the condition of the speed bump at the time of Mr. Thompson's fall constitutes insufficient circumstantial evidence from which a jury could reasonably infer that [the landowners] had constructive notice of the alleged defective state of the speed bump prior to Mr. Thompson's fall.

Id. at *1-9. This Court similarly concludes that Rice has failed to make a showing sufficient to establish the existence of this essential element of her claim. Pineda, 977 F.3d at 491. Rice's belief that Yale knew or should have known about the speed bump is at best speculation. Cf. Yanku v. Walgreen Co., 224 A.3d 1130, 1135 (R.I. 2020). ("The plaintiff's allegation that the speed bump was a dangerous condition, without more, is not competent evidence of a dangerous condition on the premises; rather, it 'is nothing more than "conjecture or speculation."'") (quoting Habershaw v. Michaels Stores, Inc., 42 A.3d 1273, 1277 (R.I. 2012) (quoting Santiago v. First Student, Inc., 839 A.2d 550, 552 (R.I. 2004) (internal citation omitted)). Her reliance on a photograph of the speed bump taken some time after the accident is legally insufficient to survive summary judgment on a premises liability claim. Yale is entitled to summary judgment on this claim.

Negligence: *PetSmart*

Rice asserts a "premises liability" theory against PetSmart as well, arguing that it failed to maintain and inspect the shopping cart she used when she suffered her alleged injuries. (Doc. Nos.

5

79-2, at 1; 18, ¶14). She asserts that her accident occurred because "there was no rubber on the [cart's] wheel… so when it... hit th[e] speed bump, there was no cushion." (Doc. No. 79-1, ¶12). PetSmart maintains that Rice offers insufficient evidence to establish the existence of the alleged dangerous or defective condition on the PetSmart premises. (Doc. No. 73-5, at 9, 11). The Court agrees.

"[F]or an owner or occupier to be found negligent, there must be some evidence that there was a dangerous or defective condition on the premises." Nee v. Big Creek Partners, 106 S.W.3d 650, 653 (Tenn. Ct. App. 2002). "A jury cannot conclude that an owner or occupier failed to exercise reasonable care to prevent injury to persons on their property if there is no evidence of a dangerous or defective condition." Id. at 654. "If no dangerous or defective condition exists, an owner or occupier cannot be held liable for failing to take action in order to remedy the supposed condition." Id. Again, Rice has provided no evidence to create a disputed issue of material fact. She admits that she has no proof that PetSmart had any knowledge of a problem with the cart prior to the incident (Doc. No. 79-1, at 4). Rice attempts to save her case by analogizing it to Wortham v. Kroger Ltd. P'ship I, 2020 WL 4037649 (Tenn. Ct. App. 2020), however, that case deals with a shopping cart that was allowed to remain in circulation with a completely missing wheel. See id. at *4. It is inapposite here. PetSmart is entitled to summary judgment on this claim.

Gross Negligence: *Yale and PetSmart*

Commonly accepted definitions of gross negligence in Tennessee are "a heedless and reckless disregard for another's rights, with the consciousness that the act or omission to act may result in injury to another" or "negligent acts done with utter unconcern for the safety of others or with such a reckless disregard for the rights of others that a conscious indifference to consequences is implied in law." Cole v. Woods, 548 S.W.2d 640, 641–42 (Tenn. 1977) (internal quotations and

citations omitted). Gross negligence requires proof of negligence in addition to this higher standard of culpability on the part of the tortfeasor. It logically follows that "in order to prevail on a gross negligence claim in Tennessee, a plaintiff must first prove ordinary negligence." Leatherwood v. Wadley, 121 S.W.3d 682, 699 (Tenn. Ct. App. 2003) (citing Menuskin v. Williams, 145 F.3d 755, 766 (6th Cir. 1998)). Rice has not introduced sufficient evidence to support a claim of ordinary negligence, so her gross negligence claim fails as a matter of law. Id. Yale and PetSmart are entitled to summary judgment on this claim.

<u>Negligent Hiring, Training, Supervision, and Retention of Employees:</u> *PetSmart*

"A plaintiff in Tennessee may recover for negligent hiring, supervision or retention of an employee if she establishes, in addition to the elements of a negligence claim, that the employer had knowledge of the employee's unfitness for the job." Thompson v. Bank of Am., N.A., 773 F.3d 741, 755 (6th Cir. 2014) (citing Doe v. Catholic Bishop for Diocese of Memphis, 306 S.W.3d 712, 717 (Tenn. Ct. App. 2008)). See also Gunter v. Est. of Armstrong, 600 S.W.3d 916, 928 (Tenn. Ct. App. 2019) As the Sixth Circuit points out, "clearly this requires the plaintiff to identify the employee and explain what the employee did that negligently injured the plaintiff." Bank of Am., N.A., 773 F.3d at 755. However, just as in Bank of America, Rice fails to identify any employee who negligently harmed her. She alleges that PetSmart had seven employees located at the front of the store, but she does not identify any individual employee that was unfit for the job or otherwise posed a risk. PetSmart is entitled to summary judgment on this claim.

Yale Smyrna and PetSmart's Motions for Summary Judgment are granted.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE